[Civ. No. 8451.  Second Appellate District, Division One.—December 5, 1934.]

LAWRENCE MASSA, Respondent, v. BENJAMIN M. PATTON et al., Appellants.

Marcus L. Roberts and Harry W. Horton for Appellants.

Sandor J. Vigg for Respondent.

CONREY, P. J.—The judgment herein, from which the defendants appeal, was rendered pursuant to findings in favor of the plaintiff upon two counts which are different forms of statement of the same claim. The findings of fact as made by the court below combine in one statement the court's answer to the issues tendered by both counts. The court finds that the defendants are and that each of them is indebted to the plaintiff in a stated sum, "for money paid, laid out and expended by the plaintiff to and for the use and benefit of the defendants, and of each of them, at their special instance and request, and at the special instance and request of each of them, and for money had and received by the defendants, and by each of them, from the plaintiff to and for the use and benefit of the plaintiff, within one year next prior to the commencement of this action". It will be assumed that in the last clause of this finding the court intended to say "for the use and benefit of the defendants", instead of "for the use and benefit of the plaintiff". The findings further show the facts of demand and nonpayment. It thus appears that the judgment is based upon an obligation which, according to the court's decision, arose out of an implied contract to repay said sum of money.

According to the evidence it is an established fact that the plaintiff and the defendants, with two other persons (Ben F. Harrison and Harry K. Hedges), had entered into a written contract for the formation of a mining corporation, in which each one of the five should have an equal number of shares. The defendants and Harrison were to

convey to said corporation certain mining claims owned by them. Afterwards certain transactions occurred in the course of which the plaintiff paid out and expended on said mining property the money which in this action he seeks to recover from the defendants. We have read the record of the trial, seeking to discover when, where and how the defendants committed any breach of their contract. It appears to us that there is no such evidence. After the contract had been made the plaintiff caused a corporation to be formed by three of the five persons, but leaving out Harrison and Walker. To this the defendants objected. It is a fact, nevertheless, that a deed of said mining claims to the corporation, which deed had been made and placed in the hands of the plaintiff's attorney, was recorded and the corporation took possession of the property. The money which the plaintiff seeks to recover from these defendants was expended upon said mining property. After some work had been done, and this money had been expended, further prosecution of the business was abandoned by the corporation and by the plaintiff.

We are of the opinion that the evidence fails to establish any facts which justify the conclusion that the defendants are indebted to the plaintiff, either for money expended by the plaintiff for the use and benefit of the defendants, or for money had and received by them.

The judgment is reversed.

Hahn, J., *pro tem.*, and York, J., concurred.